IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PRO-TELLIGENT, LLC, )
 )
    Plaintiff, )
 )
 )
v. ) Civil Action No. 1:19-cv-1640 (RDA/JFA)
 )
AMEX INTERNATIONAL INC., )
 )
    Defendant. )

## Order

This matter comes before the Court upon the Report and Recommendation ("Recommendation") issued by Magistrate Judge John F. Anderson on February 28, 2020, Dkt. 19. Pursuant to Federal Rule of Civil Procedure 72(b)(2), the deadline for submitting objections to Judge Anderson's Recommendation was March 13, 2020. To date, no objections have been filed. After reviewing the record and Judge Anderson's Recommendation,[1] the Court hereby APPROVES and ADOPTS the Recommendation in part. Dkt. 19.

The Court does not adopt the Recommendation with respect to Count II, Plaintiff Pro-Telligent, LLC's ("Plaintiff") claim for unjust enrichment/*quantum meruit*. The issue of non-payment between the parties is governed by an express contact. Accordingly, a claim for unjust enrichment/*quantum meruit* cannot lie. *See Plesha v. Ferguson*, 725 F. Supp. 2d 106, 111 (D.D.C. 2010) (citing *United States ex rel. Modern Elec., Inc., v. Ideal Elec. Sec. Co.*, 81 F.3d

---

[1] In the absence of any objections to a Magistrate Judge's Recommendation, the Court "need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the [R]ecommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

240, 346-47 (D.C. Cir. 1996) ("The District of Columbia recognizes causes of action for unjust enrichment and *quantum meruit* as implied contract claims in which there is no express contract between the parties but contractual obligations are implied, either in fact (*quantum meruit*) or in law (unjust enrichment).").

The Court approves and adopts the balance of the Recommendation. Accordingly, Plaintiff's Motion for Default Judgment is GRANTED. Dkt. 15. Default judgment shall enter for Plaintiff in the total amount of $280,602.06, which includes $279,660.27 in money damages for Plaintiff which shall be protected by a constructive trust, as well as $941.79 in costs, with interest to accrue at the rate prescribed by 28 U.S.C. § 1961 from the date of any judgment until that judgment is paid.

Additionally, the Court enters a permanent injunction consistent with the terms of the Order granting the Motion for a Temporary Restraining Order. Dkt. 14.

The Clerk is directed to enter judgment in this matter and to forward copies of this Order to counsel of record as well as to Defendant.

It is SO ORDERED.

Alexandria, Virginia
April 6th, 2020

/s/
Rossie D. Alston, Jr.
United States District Judge